## HENDERSON TIRE & RUBBER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11953.   Promulgated June 20, 1928.

*E. C. Gruen, C. P. A.*, for the petitioner.
*L. A. Luce, Esq.*, for the respondent.

718

OPINION.

MILLIKEN: Petitioner assigns error in the disallowance by respondent of additional salary in the amount of $1,400 to its president. The stated salary of the president for the year in question was $22,500. The sum sought to be deducted is in addition thereto. During the year 1918, the president overdrew his salary to the extent of $1,400. Subsequent to December 31, 1918, petitioner caused an audit to be made of its books of account by a firm of accountants and

upon the said auditors discovering the overpayment, an understanding was reached with the president, secretary and the remaining director, that the overpayment to the president should be canceled and considered as additional salary for the year 1918 or as compensation for the use of a tire device or as satisfaction for the president having endorsed paper in connection with the transactions had with the Commercial Credit Co. The additional allowance claimed was not paid as salary during the year in question and no liability arose during such year calling for the same. Whether there was owing by petitioner during the year sums in satisfaction for the use of the tire device, or for the president of the petitioner having signed certain notes, we are unable to determine. The amounts were not proven and if they had been the same would not have represented salary payments as claimed. Respondent sustained.

At the organization of petitioner, certain machinery and equipment was acquired from the predecessor partnership. On the books of account the value of the same was recorded at $9,400. At the close of the year an inventory was taken at cost of the machinery and equipment thus acquired, which showed an undervaluation of $2,044.31. Petitioner should be allowed the total cost of the machinery and equipment acquired.

Relative to the claim for additional depreciation for moulds and for the cost of the Seiberling patented tire-making equipment, the evidence as concerns the former is that the petitioner, in the year 1918, determined that it would become necessary to discontinue the use of the tire moulds marked "Bucyrus" but whether the moulds were discarded in the year 1918 or in the subsequent year, is not proven. From the evidence of record it clearly appears that the moulds were used in the year 1919. Concerning the Seiberling equipment we were not supplied with the contract under which this equipment was used and apparently it represents a sum paid for the right to use the patented tire machine and as such the amounts expended would not constitute an allowance for depreciation.

Petitioner purchased moulds with the name of the Times Square Auto Supply Co. stamped on them and having the trade design cut in the metal. This purchase was made in order to obtain a contract with the company under an agreement that the moulds were gradually to become their property by a credit of 1 per cent against the billing of all their shipments until the 1 per cent equaled the cost or total investment petitioner had made in the equipment bearing such name and design. The amount of $3,631.50 was 1 per cent of the sales during 1918. We think this sum not deductible as depreciation, but it does represent an expense of doing business for the year and as such is deductible as an ordinary and necessary business expense.

In the contract by which the petitioner leased the plant of the Bucyrus Rubber Co. it was provided that the lessor was to furnish to the petitioner all material on hand and owned by it in said plant used in the manufacture of tires and tubes as of June 1, 1918. An inventory of said material was taken on that date, which showed the cost of the material to be $40,000.51. The contract provided that all such material should remain the property of the lessor, and that petitioner should pay for all material it used at the end of each and every month, and at the termination of the lease in 1919 should pay for all unused material then on hand.

In the determination of the deficiency here at issue the respondent allowed as the cost of materials used in the manufacture of tires, the sum of $40,000.51 and by amended answer avers that he was in error in allowing such sum and asks that income for the period in question be increased by $40,000.51. This is an affirmative plea by the respondent and the burden is upon him to prove the same. While it is no doubt true that petitioner should be allowed as the cost of goods manufactured only such part of the materials that it used during the year 1918, and to take into inventory such part of the materials paid for or purchased, we are nevertheless left without proof as to the part used in the year 1918 or paid or purchased during the year. As a result we are not able to say that the allowance granted by the respondent should be added back to income. We were not informed as to the basis of the fire settlement in 1919 and accordingly can not use the same in the determination of this issue. For lack of evidence we can not sustain the affirmative plea of the respondent.

*Judgment will be entered under Rule 50.*